JaVonne M. Phillips, Esq. SBN 187474
Jennifer C. Wong, Esq. SBN 246725
**McCarthy & Holthus, LLP**
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Phone (877) 369-6122
Fax (619) 685-4811
jwong@mccarthyholthus.com

Attorney for:
Cenlar FSB as servicer for CitiMortgage, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) Case No. 25-30266 HLB |
| | ) |
| Lizabeth Marie Hill, | ) Chapter 7 |
| | ) |
| Debtor. | ) RS No. JCW-11517 |
| | ) |
| | ) |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY** |
| | ) |
| | ) |
| | ) Date: 06/05/2025 |
| | ) Time: 1:00PM |
| | ) Place: Tele/Videoconference |
| | ) |
| | ) |
| | ) Judge: Hannah L. Blumenstiel |
| | ) |
| | ) |
| | ) |

Cenlar FSB as servicer for CitiMortgage, Inc., its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), by and through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to 11 U.S.C. §§ 362(d) and 105 and Federal Rules of Bankruptcy Procedure 4001 and 9014 and regarding the real property generally described as 2701 Van Ness Ave, #603, San Francisco, CA 94109-1428, ("Property" herein).

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities and incorporated herein by this reference.

On or about 4/3/2025, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. §362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

Pursuant to 11 U.S.C. § 362(d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the property. Other grounds constituting "cause" are determined on a discretionary case by case basis. In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985). Other grounds courts have considered include, but not limited to are: (i) bad faith by the Debtor; (ii) inability to reorganize; and (iii) failure to pay the debt or protect the property. In re Powers, 135 B.R. 980 (Bankr. C.D. Cal. 1991); In re A Partners, LLC, 344 B.R. 114 (Bankr. E.D. Cal. 2006). The loan is 35 payments delinquent in the amount of $115,269.16 (06/01/2022 – 04/01/2025). Further, after considering all liens and the cost of sale, there is minimal equity in the Property to protect Movant's interest. As the delinquency continues to accrue, the equity cushion is diminishing. As this is a Chapter 7, Debtor does not have the ability to reorganize.

As of 4/14/2025, the amount required to fully reinstate the Debtor's loan contractually is approximately $115,269.16, itemized as follows:

DELINQUENCIES
Monthly Payments: 10 at $1,786.01 $ 17,860.10

| | | | | | |
|---|---|---|---|---|---|
| (06/01/2022 through 03/01/2023) | | | | | |
| Monthly Payments: | 2 | at | $1,786.02 | $ | 3,572.04 |
| (04/01/2023 through 05/01/2023) | | | | | |
| Monthly Payments: | 5 | at | $2,007.19 | $ | 10,035.95 |
| (06/01/2023 through 10/01/2023) | | | | | |
| Monthly Payments: | 7 | at | $5,252.23 | $ | 36,765.61 |
| (11/01/2023 through 05/01/2024) | | | | | |
| Monthly Payments: | 5 | at | $5,458.04 | $ | 27,290.20 |
| (06/01/2024 through 10/01/2024) | | | | | |
| Monthly Payments: | 6 | at | $2,854.67 | $ | 17,128.02 |
| (11/01/2024 through 04/01/2025) | | | | | |
| Corporate Advances: | | | | $ | 2,480.08 |
| Late Charges: | | | | $ | 107.16 |
| Other Fees: | | | | $ | 30.00 |
| | | | | | |
| Total Delinquencies: | | | | $ | 115,269.16 |

The Debtor has little equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Property Value | $ | 439,000.00 |
| Total Liens to Movant | $ | 314,717.94 |
| Junior Liens | $ | 62,957.73 |
| Less 8% Cost of Sale | $ | 35,120.00 |
| Equity | $ | 26,204.33 |

The next scheduled monthly payment of $2,854.67 is due 5/1/2025, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

///

///

///

///

Movant is not adequately protected. Movant is not receiving regular monthly payments and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. §362(d)(1).

DATED: May 15, 2025

                                    **McCARTHY & HOLTHUS, LLP**

                                    By: */s/ Jennifer C. Wong*
                                          Jennifer C. Wong, Esq.
                                          Attorney for Cenlar FSB as servicer for CitiMortgage, Inc.